IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ODRAYE G. JONES, | ) | CASE NO. 1:03CV1192 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID A. KATZ |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | |
| | ) | <u>ORDER</u> |
| Respondent. | ) | |

Before the Court is the Warden, Margaret Bradshaw's ("Respondent") Motion to Dismiss Lethal Injection Claim. (Doc. No. 134.) She asks the Court to dismiss the lethal injection claim the Sixth Circuit Court of Appeals remanded to the Court to conduct discovery. (Doc. No. 128.) Petitioner, Odraye Jones ("Jones") filed opposition, (Doc. No. 137), the Respondent filed a reply, (Doc. No. 138), and Jones then filed a sur-reply. (Doc. No. 139.) For the following reasons, the Court **DENIES** the Motion to Dismiss. The Court adopts the Respondent's and Petitioner's April 17, 2009, proposed scheduling orders (Doc. Nos. 135; 136) and issues a Protective Order concurrent with this Order.

## I. Procedural History

On January 30, 2009, the Sixth Circuit Court of Appeals remanded this matter, ordering this Court to conduct limited discovery and factual development for the lethal injection claim raised in Jones's petition. (Doc. No. 128.) On February 12, 2009, the Court held a status conference with counsel. The Court requested that counsel submit a proposed scheduling order including discovery, motion practice, and evidentiary hearing, by April 17, 2009. (Doc. No. 133.)

Prior to filing her proposed time line, the Respondent filed the pending motion to dismiss now decisional before the Court. Therein she asserts that the Court should dismiss the lethal injection claim because a lethal injection claim is not cognizable in a habeas corpus action. Additionally, the Respondent asserts that any new claim that Jones would raise regarding lethal injection would be time barred under the statute of limitations set forth in 28 U.S.C. § 2244(d).

## II. Legal Discussion

The Respondent cites *Hill v. Mitchell*, No. 1:98-cv-452, 2007 WL 2874597 (S.D. Ohio Sept. 27, 2007), and *Henness v. Bagley*, No. 2:01-cv-043 2007 WL 32848930 (S.D. Ohio Oct. 31, 2007), for the proposition that Jones's lethal injection claim should be brought as a 42 U.S.C. § 1983 action rather than a habeas corpus action. In both cases, the district court opined that, pursuant to the United States Supreme Court's holding in *Hill v. McDonough*, 547 U.S. 573 (2006), a lethal injection claim that attacks only the method of execution, rather than its constitutionality, should be brought as a § 1983 action. *Hill*, 2007 WL 2874597, at *17-8, *Henness*, 2007 WL 32848930, at *64. Because Jones takes issue here only with Ohio's lethal injection protocol, the Respondent maintains, the Court cannot address the issue in this habeas action.

The Respondent's arguments are unpersuasive. First, both *Hill* and *Henness* were decided prior to *Baze v. Rees*, – U.S. – , 128 S.Ct. 1520 (2008). Although *Baze* was brought as a declaratory judgment action against Kentucky, its holding has had far-reaching effects, causing courts to re-examine lethal injection protocols in other states. *See*, *e.g.*, *Emmet v. Johnson*, 532 F.3d 291 (4th Cir. 2008)(holding Viriginia's lethal injection protocol does not violate Eighth Amendment); *Dickens v. Brewer*, No. CV07-1770-PHX-NVW, 2009 WL 1904294 (D.Ariz. July

-2-

1, 2009)(holding Arizona's protocol constitutional); *Nooner v. Norris*, No. 5:06CV00110 SWW, 5:07CV00173 SWW, 2008 WL 3211290 (E.D.Ark. Aug. 5, 2008)(granting summary judgment in favor of defendant, Arkansas, and finding Arkansas protocol constitutional under *Baze* plurality standard).

The Sixth Circuit acknowledged this effect when it granted a Certificate of Appealability ("COA") for this claim, stating, "*Baze* . . . does not foreclose Jones's [lethal injection claim] should he be able to demonstrate Ohio's safeguards are different than Kentucky's in an unconstitutional manner." (Doc. No. 139-3, at 4.) Thus, the fact that two judges in the Southern District of Ohio decided pre-*Baze* that a lethal injection procedure claim must be brought as § 1983 action is of no consequence as *Baze* has changed the legal landscape on this issue.

More importantly, even if the Court were to determine that Jones's claim is properly raised under § 1983, it lacks jurisdiction to address that issue. The filing of a notice of appeal transfers jurisdiction of the merits of the appeal to the appellate court. *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). Although a district court retains jurisdiction over limited matters even after the notice is filed, such as questions regarding the physical custody of a criminal defendant, it may not adjudicate on issues that "affect the matters involved in the appeal itself." *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992).

Here, the Respondent asks the Court to rule on whether Jones's claim may be heard in a habeas corpus action. Deciding that issue certainly would affect the merits of the appeal as this Court then would be determining that the Sixth Circuit was unable adjudicate a claim for which it already has granted Jones a COA. The Respondent's statute of limitations argument must fail on the identical grounds of the Court's lack of jurisdiction to address it.

The Sixth Circuit remanded this action for the limited purpose of conducting discovery on the lethal injection claim in aid of its appellate review. (Doc. No. 128.) The Court must act in accordance with that mandate as well as within the limited jurisdiction it retains over this matter.

### III. Conclusion

The Respondent's motion to dismiss is **DENIED**. The Court adopts the Respondent's and Petitioner's April 17, 2009, proposed scheduling orders (Doc. Nos. 135; 136) and issues a separate Protective Order concurrent with this Order.

IT IS SO ORDERED.

                                                                              s/ *David A. Katz*
                                                                              DAVID A. KATZ
                                                                              U. S. DISTRICT JUDGE