UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ODRAYE JONES, | : | CASE NO. 1:03 CV 1192 |
| Petitioner, | : | |
| | : | JUDGE DAVID A. KATZ |
| vs. | : | |
| | : | |
| MARGARET BRADSHAW, Warden, | : | <u>MEMORANDUM OPINION</u> |
| | : | <u>AND ORDER</u> |
| Respondent. | | |

Before the Court is Petitioner Odraye Jones' *pro se* motions entitled "Motion to Remove Counsel and Waive Lethal Injection Litigation," filed on April 9, 2012, and "Motion to Appoint Counsel to Meaningfully Research and Present Rule 60(d) Independent Action In Re Divided Loyalties of Habeas Counsel and Fraud upon the Court by the State Affecting Integrity of Habeas Proceedings," filed on May 14, 2012. (ECF Nos. 157 and 165, respectively.) Respondent filed a response to Mr. Jones' first motion on April 11, 2012, entitled "Respondent Warden's Response to Motion to Dismiss Lethal Injection Claim." (ECF No. 158.) Mr. Jones' counsel filed a "Response to *Pro Se* Motion to Remove Counsel and Waive Lethal Injection Litigation" on April 30, 2012. (ECF No. 162.) Respondent filed a reply on May 2, 2012. (ECF No. 163.)

For the following reasons, Mr. Jones' motions to remove his counsel are hereby granted, and his motions to withdraw his lethal-injection claim will be held in abeyance.

**I.    Relevant Background**

Through his motions, Mr. Jones asks the Court, first, to remove his current counsel, Spiros Cocoves and Alan Rossman and Vicki Werneke of the Federal Public Defender's Office, and appoint new counsel. His main criticism of his counsel is that he did not consent to the appeal of the lethal-injection claim and has repeatedly asked them to withdraw it and focus on his other

claims, which they have refused to do. (ECF No. 157, 1.)

In addition, Mr. Jones asks the Court to permit him to dismiss his appeal of his lethal-injection claim, which he describes as "frivolous" and "garbage." (*Id*. at 2.) He argues that he wants his Sixth Circuit appeal to focus on "more meritorious issues dealing with the unconstitutionality of the conviction itself," rather than being held "hostage to this side-show war of attrition with the state." (*Id.* at 1, 2.)

In their response, Mr. Jones' counsel requested that the Court deny Mr. Jones' motions. (ECF No. 162.) They stated that they are "zealous advocates" for Mr. Jones, and that they have the "ultimate right to determine the issues to be raised and how they should be litigated." (*Id*. at 2.) They noted that they have consulted with Mr. Jones about the importance of this claim and his concerns about his case, and that Ms. Werneke met with him in person on April 13, 2012. They also claimed that they have "been examining and investigating the other issues in Mr. Jones's case." (*Id*.)

Respondent argues that the Court should grant Mr. Jones' motion to waive the lethal-injection claim, because he has clearly stated his objectives in his appeal and his lawyers must abide by them. (ECF No. 158, 2.) She takes no position regarding Mr. Jones' request to remove his counsel. (*Id*.)

The Court conducted a telephone conference with counsel for both parties on May 16, 2012, after which it issued an order requiring Mr. Jones to seek leave from the Sixth Circuit to rule on the motions in light of the limited scope of the Sixth Circuit's remand to this Court. (ECF No. 167.) Mr. Jones' counsel did so, and the Sixth Circuit granted this Court the jurisdiction to rule on the motions on September 6, 2012. (ECF No. 169.)

A hearing was held on this matter on September 25, 2012. At the hearing, Mr. Jones'

2

counsel, Spiros Cocoves and Vicky Werneke of the Federal Public Defender's Office, informed the Court that they were withdrawing their objection to Mr. Jones' request for new counsel, since their relationship with him had broken down to the point where there was a total lack of communication between them. Ms. Werneke offered to facilitate the appointment of replacement counsel. Ms. Werneke also advised the Court that she had explained to Mr. Jones that obtaining new counsel could result in some delay in his appeal.

Mr. Jones confirmed for the Court that he understands that a substitution of counsel could cause delay in his appeal, but that he still wants new counsel. He explained that his request for new counsel is his primary concern, and that he might reconsider his request to withdraw his lethal-injection claim if his new counsel assures him that they will also work on his other claims.

**II.   Analysis**

The Sixth Amendment right to counsel entitles a defendant to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 686 (1984). To that end, an indigent federal habeas petitioner is entitled to the appointment of "one or more attorneys" and additional services that are "reasonably necessary" for adequate representation. 18 U.S.C. § 3599(a)(2).

Nevertheless, it is well-established in cases involving a criminal defendant's Sixth Amendment right to counsel that "[t]he right to counsel of *choice,* unlike the *right* to counsel . . . is not absolute." *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990) (emphasis original). The Sixth Circuit has ruled, "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *Id.*

Section 3599(e) of the AEDPA provides that appointed counsel can be "replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant." 18 U.S.C. § 3599(e). It does not, however, provide a specific mechanism or standard for doing so.

*Martel v. Clair*, – U.S. –, 132 S. Ct. 1276, 1284 (2012).

The United States Supreme Court recently addressed this issue in *Martel v. Clair* and held that the appropriate standard to employ is the "interests of justice" standard, which "derives from 18 U.S.C. § 3006A, . . . govern[ing] the appointment and substitution of counsel in federal *non*-capital litigation." *Id*. at 1284, 1287. It explained that although this standard "contemplates a peculiarly context-specific inquiry," courts generally consider: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Id*.

It is clear to this Court, based upon the representations of Mr. Jones and his counsel, that there has been a complete breakdown in the attorney-client relationship. Mr. Jones and his lawyers are unable to communicate, making it virtually impossible for his counsel to adequately prepare Mr. Jones' appeal. Thus, what could have been a complex inquiry has been made relatively simple. The Court grants Mr. Jones' motion for new counsel. The Court further understands that Ms. Werneke will help Mr. Jones obtain new counsel and will report to the Court concerning Mr. Jones' new counsel as soon as is reasonably possible.

As to Mr. Jones' request concerning the withdrawal of his lethal-injection claim, his motion will be held in abeyance until such time that Mr. Jones has conferred with his new counsel regarding the motion, and the new counsel informs the Court of Mr. Jones' decision whether to withdraw the motion or to proceed with it.

**III.    Conclusion**

Accordingly, the Court grants Petitioner Jones' request for new counsel in his "Motion to Remove Counsel and Waive Lethal Injection Litigation" and "Motion to Appoint Counsel to

Meaningfully Research and Present Rule 60(d) Independent Action In Re Divided Loyalties of Habeas Counsel and Fraud upon the Court by the State Affecting Integrity of Habeas Proceedings" (ECF Nos. 157 and 165, respectively), but holds in abeyance his request in those motions to withdraw his lethal-injection claim. The Court further understands that Ms. Werneke will help Mr. Jones obtain new counsel and report to the Court concerning Mr. Jones' new counsel as soon as is reasonably possible. New counsel should enter an appearance in this matter within thirty days. Mr. Jones' request to dismiss his lethal-injection claim will be held in abeyance until such time that Mr. Jones has conferred with his new counsel regarding that motion, and counsel informs the Court of Mr. Jones' decision whether to withdraw the motion or to proceed with it.

    IT IS SO ORDERED.

                                                          s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE