UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ODRAYE G. JONES (n/k/a Malik Allah-U-Akbar), | : | CASE NO. 1:03 CV 1192 |
| Petitioner, | : | |
| | : | JUDGE DAVID A. KATZ |
| vs. | : | |
| MARGARET BRADSHAW, Warden, | : | MEMORANDUM OPINION AND ORDER |
| Respondent. | : | |

Before the Court in this capital habeas corpus case are the following: (1) Respondent Warden Margaret Bradshaw's ("Respondent") motion to transfer this case back to the Sixth Circuit Court of Appeals for final resolution of Petitioner Odraye Jones' ("Jones")[1] petition for writ of habeas corpus (ECF No. 190), which Jones, through counsel, opposed (ECF No. 191); (2) Jones' motion, through counsel, to extend the discovery deadline on his lethal-injection claim (ECF No. 191), which Respondent opposed (ECF No. 192), and to which Jones replied (ECF No. 195); (3) Jones' pro se motion to waive his lethal-injection claim and proceed pro se (ECF No. 193), to which Respondent responded (ECF No. 194); (4) Respondent's motion to dismiss Jones' lethal-injection claim (ECF No. 217); and (5) Jones' motion, through counsel, to strike Respondent's motion to dismiss, or in the alternative, memorandum in opposition to that motion (ECF No. 219), which Respondent opposed (ECF No. 220).

---

[1] Jones has legally changed his name to Malik Allah-U-Akbar. (*See* ECF No. 198.) The Court will continue to refer to him as Jones in this Memorandum of Opinion and Order, however, for the sake of clarity and continuity.

For the following reasons, the Court: (1) grants Respondent's motion to transfer Jones' lethal-injection claim back to the Sixth Circuit; (2) denies Jones' motion, through counsel, to extend the discovery deadline on his lethal-injection claim; (3) dismisses Jones' pro se motion to waive his lethal-injection claim; (4) denies Respondent's motion to dismiss the lethal-injection claim; and (5) denies Jones' motion, through counsel, to strike Respondent's motion to dismiss.

**I.    Relevant Procedural History**

This Court already has addressed several of the motions now before it in a Memorandum of Opinion and Order issued on March 25, 2015.  (ECF No. 201).  In that opinion, the Court recited the long and complex procedural history of Jones' claim challenging Ohio's lethal-injection method of execution and his repeated requests to withdraw that claim and remove his counsel.  (*Id*. at 2-14.)  Ultimately, it denied Jones' pro se motion to proceed without counsel and held in abeyance his request to waive his lethal-injection claim and the motions related to discovery on that claim until the United States Supreme Court decided *Glossip v. Gross*, a case involving a challenge to Oklahoma's lethal-injection execution protocol.  (*Id*. at 26-27.)

The Supreme Court issued its decision in *Glossip* on June 29, 2015.  *Glossip v. Gross,* 135 S. Ct. 2726 (2015).  Shortly after, Respondent filed a motion to dismiss Jones' lethal-injection claim.  (ECF No. 217.)  She argues that the Court should grant Jones' pro se motion to withdraw his lethal-injection claim on the ground that "*Glossip* makes quite clear that 'method of execution claims' *must* be brought in a civil action under Title 42 Section 1983."  (*Id*. at 2.)  Through counsel, Jones moved to strike the motion to dismiss,

or, in the alternative, opposed it. (ECF No. 219.) Although counsel initially declined to respond to Jones' pro se motion "[b]ecause the issues ha[d] been previously raised and addressed in this matter" (ECF No. 195 at 5 n.4), in this motion, Jones' counsel argues that Jones' pro se motion to waive his lethal-injection claim should be "stricken" for the same reason his motion to proceed pro se was denied, because the stakes in this case are too high and the legal and factual issues, too complex (ECF No. 219 at 9-10).

**II.      Analysis**

    **A.      Jones' Pro Se Motion to Waive his Lethal-Injection Claim**

The Court first must determine whether to grant Jones' pro se motion to waive his lethal-injection claim, since if it were granted, all of the other motions relating to this claim would be moot. Upon further consideration of Jones' request, the Court concludes that Jones' motion was improvidently filed because he is represented by counsel. As the Court previously has held in this case, Jones "cannot proceed by means of hybrid representation in this matter." (ECF No. 72 at 2.) *See United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (holding that a criminal defendant has no right to be represented by counsel and to represent himself at the same time, because it would confuse the jury and cause undue delay). Jones' pro se motion to waive his lethal-injection claim, therefore, is dismissed. Additionally, since Respondent's motion to dismiss Jones' lethal-injection claim asks the Court to grant Jones' request to waive the claim, it also is denied, as is Jones' motion, through counsel, to strike Respondent's motion to dismiss.

    **B.      Jones' Motion, Through Counsel, to Continue Discovery on Jones' Lethal-Injection Claim and Respondent's Motion to Transfer the Claim Back to the Sixth Circuit**

As explained more fully in the Court's prior opinion on this matter, Jones also requests, but through counsel, that the Court extend the discovery deadline on his lethal-injection claim until 60 days after Ohio's next execution so that he can conduct discovery relating to the execution. (ECF No. 191 at 8-10.)

Discovery in habeas cases is governed by Habeas Rule 6(a), which provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Habeas R. 6(a). *See also Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (a federal habeas petitioner, "unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course"). "Good cause" for discovery under Rule 6(a) exists "only where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Id.* at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The Court concludes that Jones cannot demonstrate good cause to support his request for additional discovery on his lethal-injection claim.

Respondent argues that the discovery Jones requests exceeds the scope of the Sixth Circuit's remand in January 2009 of Jones' lethal-injection claim "for limited discovery and factual development" of the "important question" under *Baze v. Rees*, 553 U.S. 35, 61 (2008)*,* "of whether Ohio's safeguards are materially different than Kentucky's." (ECF No. 192 at 3 (quoting ECF No. 128; Case No. 07-3755, ECF No. 60-1 at 4).) She explains,

> With this new discovery request, however, Jones' claim has morphed from focusing on the implementation and risk of *future* maladministration of lethal injection (the issue in *Baze*) to Ohio's *past* deviations from, and

4

> changes to, its lethal injection protocol and its alleged botched executions. This new claim is not the type of method-of[-]execution challenge addressed in *Baze*, and the discovery requested certainly exceeds the scope of the Sixth Circuit's remand.

(*Id*. at 3.) Respondent further contends that Jones' lethal-injection claim has little chance of prevailing. She notes the Supreme Court's observation in *Baze* that it has never held that an inmate met the "heavy burden" of demonstrating that a state's execution violates the Eighth Amendment, and that courts around the country have approved of the drugs in Ohio's new protocol. (*Id*. at 5 (quoting *Baze,* 553 U.S. at 48), 4 (listing cases).)

The Court agrees, particularly in light of *Glossip v. Gross, supra,* and the Sixth Circuit's prior precedent on Eighth Amendment method-of-execution claims. In *Glossip,* several plaintiffs in a § 1983 action challenging Oklahoma's execution protocol sought to enjoin the state's use of the drug midazolam as the first drug administered in its three-drug protocol. Oklahoma had previously used the three-drug protocol found constitutional by a plurality of the Supreme Court in *Baze v. Rees, supra*, but the first drug, sodium thiopental, and a later substitute, pentobarbital, both barbiturates, became unavailable. Oklahoma then substituted the sedative midazolam. The plaintiffs claimed that midazolam fails to render a person insensate to pain, creating an unacceptable risk of severe pain caused by the second and third drugs, a paralytic agent and potassium chloride. After holding an evidentiary hearing, the district court denied the prisoners' application for a preliminary injunction, finding that they had failed to prove that midazolam is ineffective. The Tenth Circuit affirmed. *Glossip*, 135 S. Ct. at 2733-36.

In a five-to-four opinion, the Supreme Court affirmed the denial of injunctive relief. In doing so, the Court expressly followed the standard for Eighth Amendment method-of-

5

execution claims set forth by the plurality opinion in the fractured *Baze* decision. *See id.* at 2737 ("The controlling opinion in *Baze* outlined what a prisoner must establish to succeed on an Eighth Amendment method-of-execution claim."). Under the *Baze* test, a petitioner must establish that the state's execution protocol creates "'a demonstrated risk of severe pain,'" and that the risk is "'substantial when compared to the known and available alternatives.'" *Glossip*, 135 S. Ct. at 2737 (quoting *Baze*, 553 U.S. at 61). The *Glossip* Court emphasized the latter part of the *Baze* standard, however, holding that a "requirement of all Eighth Amendment method-of-execution claims" is that the petitioner "identify a known and available alternative method of execution that entails a lesser risk of pain." *Id.* at 2731.

Applying this standard, the *Glossip* Court held that the plaintiffs had failed to demonstrate that any risk posed by midazolam was substantial when compared to known and available alternatives. *Id.* It provided two bases for its conclusion: first, the plaintiffs failed to identify a known and available alternative; and second, the district court did not commit clear error when it found that the drug's use would not result in severe pain and suffering. *Id.* The Court reiterated in *Glossip,* "While methods of execution have changed over the years, '[t]his Court has never invalidated a State's chosen procedure for carrying out a sentence of death as the infliction of cruel and unusual punishment.'" *Glossip*, 135 S. Ct. at 2732 (quoting *Baze*, 553 U.S. at 48). It explained that its "decisions in this area have been animated in part by the recognition that because it is settled that capital punishment is constitutional, '[i]t necessarily follows that there must be a [constitutional] means of carrying it out.'" *Id.* at 2732-33 (quoting *Baze*, 553 U.S. at 47).

6

Of particular significance here, in discussing the petitioners' argument that the feasible-alternative requirement contradicts its decision in *Hill v. McDonough*, 547 U.S. 573 (2006), the Court indicated that Eighth Amendment method-of-execution claims are not cognizable in habeas corpus. It stated:

> The portion of the opinion in *Hill* on which [the petitioners] rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution *must* be brought by means of an application for a writ of habeas corpus or a civil action under § 1983. . . . *We held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence*.

*Glossip*, 135 S. Ct. at 2738 (citations omitted) (emphasis added). In addition, the Court stated that a feasible alternative means of execution is required in "*all* Eighth Amendment method-of-execution claims," a requirement that necessarily would defeat any challenge to the legitimacy of a death sentence – the very nature of habeas relief – based on its method of execution. *Id*. at 2731 (emphasis added). *See also id.* at 2737 (stating twice that the *Baze* controlling opinion established the requirements for "an Eighth Amendment method-of-execution claim").

This language contradicts the Sixth Circuit's interpretation of *Hill* in *Adams v. Bradshaw*, 644 F.3d 481, 483 (2011), which held that method-of-execution claims may sound in habeas. And district courts in this circuit consistently have relied on *Adams* for that proposition. *See, e.g., Sheppard v. Warden, Chillicothe Corr. Inst.*, 2013 WL 146364, at \*\*7-8 (S.D. Ohio Jan. 14, 2013) (Frost, J.)*; Smith v. Pineda*, 2012 WL 6021471, at \*1 (S.D. Ohio Oct. 26, 2012) (Merz, Mag. J.); *Post v. Bradshaw*, 2012 WL 5906802, at \*5 n.3 (N.D. Ohio Nov. 26, 2012) (Wells, J.).

Although, more recently, the Sixth Circuit has suggested that the § 1983 lethal-injection litigation, *In re Ohio Execution Protocol Litigation* ("*In re OEPL*"), is a better (though not only) vehicle for habeas petitioners' method-of-execution claims. In *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014), the circuit court affirmed denial of habeas relief on petitioner's habeas lethal-injection claim and refused to remand it for factual development of the claim, concluding,

> Although we understand Scott's point – that the relief he seeks is available only through a federal habeas claim – we decline to grant Scott's request for a remand. As the law currently stands, there is no merit to Scott's assertion that his sentence is void because lethal injection is unconstitutional. Simply put, lethal injection does not violate the Constitution per se, and Scott acknowledges as much in his brief. *See Baze v. Rees*, 553 U.S. [35 (2008)]; *Cooey v. Strickland*, 589 F.3d 210 (6th Cir. 2009). Therefore, in order to obtain relief from his sentence, Scott would first have to gather facts showing that Ohio is unable to administer lethal injection in a constitutionally permissible manner. And this is precisely the type of discovery that Scott can pursue in his § 1983 litigation.

*Scott*, 760 F.3d at 512. Similarly, in *Frazier v. Jenkins*, 770 F.3d 485, 505 (6th Cir. 2014), the circuit court denied the petitioner's habeas lethal-injection claim, refused to remand it for discovery, and advised that *In re OEPL* "is the proper avenue" to bring such a challenge.

Jones argues that *Adams* remains good law after *Glossip*. (ECF No. 219 at 5.) He limits *Glossip*'s language regarding *Hill* and its feasible-alternative requirement to the more specific § 1983 "method-of-execution" claims; while his more global habeas "lethal-injection" claim remains viable. (*Id*. at 6-7.) He further distinguishes *Scott* and *Frazier* because he is not a plaintiff in *In re OEPL* and has no alternative venue to pursue this claim unless he intervenes in the "duplicative" civil rights litigation. (*Id*. at 7-8.)

8

As Respondent points out, however, the Supreme Court plainly stated in *Glossip* that *Hill* "held that a method-of-execution claim *must* be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S. Ct. at 2738 (citing *Hill*, 547 U.S. at 579-80) (emphasis added). At the very least, this language calls into question the continued viability of method-of-execution claims in habeas corpus generally and Jones' claim in particular.

District courts in the Southern District of Ohio have addressed this issue, resolving it against habeas challenges to Ohio's execution protocol. Judge Gregory Frost recently denied a habeas petitioner's amended petition asserting method-of-execution claims and motion for leave to file a second amended petition raising additional claims based on Ohio's latest execution protocol on the ground that, after *Glossip,* none of the claims are cognizable in habeas corpus. *Henderson v. Warden, Chillicothe Corr. Inst.*, 2015 WL 5741937, at *7 (S.D. Ohio Sept. 30, 2015). He found "the [*Glossip*] majority's notably unqualified characterization of *Hill* . . . an express conclusion regarding the availability of habeas relief for *all* [Eighth Amendment] challenges . . . ." *Id*. at *6. He also rejected the petitioner's argument that *Glossip*'s characterization of *Hill* was "mere dictum" and a misstatement of *Hill*'s holding, finding the Court's interpretation of *Hill* central to the *Glossip* holding. He wrote,

> It is not for this Court or any other lower court to say *Hill* means otherwise than what *Glossip* said it means. Regardless of how this Court or other courts read *Hill* in the past, it is the obligation of the lower courts to comply with the teachings of a Supreme Court majority.

*Id*. at *5. He also noted that the petitioner's assertion that he is attacking the validity of the sentence and does not concede an alternative method of execution did not alter the fact that

9

his particularized claims "if successful, simply would not undermine the validity of [the] death sentence itself," especially given that Ohio law allows for the adoption of other means of execution.  *Id*. (citing Ohio Rev. Code § 2949.22(C)).  *See also Landrum v. Robinson*, 2015 WL 5145533, at *4 (S.D. Ohio Sept. 2, 2015) (Merz, J.) ("Insofar as *Adams* reads *Hill* as permitting an inmate to bring the same lethal injection claim in both 1983 and habeas, it cannot survive *Glossip*.  [The petitioner] must limit his habeas claims to those which would invalidate his death sentence."); *Turner v. Hudson*, 2015 WL 5251233, at *6 (S.D. Ohio Sept. 9, 2015) (Merz, J.) (dismissing habeas petitioner's third amended complaint raising lethal-injection claims on same ground).

Moreover, even if Eighth Amendment method-of-execution claims remain cognizable in habeas after *Glossip,* Jones still has little chance of prevailing on his claim.  First, if the *Glossip/Baze* standard applies, Jones will have to identify a feasible alternative.  Jones argues, again, that *Glossip* applies only to § 1983 cases, and its alternative-means requirement does not apply to habeas method-of-execution claims.  (ECF No. 219 at 7 n.1.)  As noted above, however, the Court held in *Glossip* that a "requirement of *all* Eighth Amendment method-of-execution claims" is that the petitioner "identify a known and available alternative method of execution that entails a lesser risk of pain."  *Glossip*, 135 S. Ct. at 2731 (emphasis added).

In addition, because the *Glossip* Court adhered to the plurality opinion in *Baze*, the Sixth Circuit decisions applying *Baze* to Eighth Amendment challenges to Ohio's lethal-injection execution protocols remain good law.  And the court consistently has rejected those claims.  In *Cooey (Biros) v. Strickland*, 589 F.3d 210, 223-24 (6th Cir. 2009), the

10

Sixth Circuit held that Ohio's lethal-injection protocol at the time did not violate the Eighth Amendment and denied a stay of execution sought in a § 1983 action. The court stated, "Permitting constitutional challenges to lethal injection protocols based on speculative injuries and the possibility of negligent administration is not only unsupported by Supreme Court precedent but is also beyond the scope of our judicial authority." *Id.* at 225. It noted that since *Baze*, every federal court of appeals that has addressed challenges to various states' lethal-injection protocols has rejected them. *Id.* at 221. Later, in *Treesh v. Bagley*, 612 F.3d 424, 439 (6th Cir. 2010), the Sixth Circuit denied a certificate of appealability on a habeas Eighth Amendment challenge to Ohio's execution protocol because the petitioner had failed to make a substantial showing that he was denied a constitutional right. And in *Scott v. Houk, supra*, as noted above, the Sixth Circuit affirmed the district court's denial of a similar habeas lethal-injection claim and denied the petitioner's request on appeal that it remand the claim for further development in the district court. *Scott*, 760 F.3d at 512.

District courts within the circuit also routinely have rejected habeas challenges to Ohio's lethal-injection method of execution since *Baze*. *See, e.g., Phillips v. Robinson*, 2013 WL 5441772, at *3 (S.D. Ohio Sept. 27, 2013) (Frost, J.) ("Sixth Circuit precedent all but forecloses Petitioner's Eighth Amendment claim . . . ."); *Brinkley v. Houk*, 866 F. Supp. 2d 747, 842-43 (N.D. Ohio 2011) (Adams, J.) (same); *Lynch v. Hudson*, 2011 WL 4537890, at *132 (S.D. Ohio Sept. 28, 2011) (Frost, J.) ("Petitioner has not (and cannot) cite to any clearly established federal law as determined by the United States Supreme Court holding that lethal injection constitutes cruel and unusual punishment . . . ."); *Frazier v. Bobby*, 2011 WL 5086443, at *57-58 (N.D. Ohio Oct. 25, 2011) (Gaughan, J.) (same).

Accordingly, the Court finds no "good cause" for further discovery on Jones' lethal-injection claim when, even with the discovery he seeks, he has little chance of succeeding on the merits. *Accord Phillips v. Robinson*, 2013 WL 5441772, at \*6 (S.D. Ohio Sept. 27, 2013) (Frost, J.) (holding that *Cooey (Biros) v. Strickland*, *supra,* was "sufficient in this Court's view to find that Petitioner herein cannot presently demonstrate 'good cause' to conduct discovery.").

Respondent advances an additional ground upon which to deny Jones' discovery request: it imposes a significant burden and expense on the State and undermines its interest in finality and wise judicial administration. (ECF No. 192 at 5-6.) She asserts that the request violates public policy because it is too open-ended; it would allow a new round of discovery with each new execution protocol and execution. (*Id*. at 6.) Jones responds that Respondent has agreed to similar discovery extensions in other habeas cases asserting lethal injection claims; his requests are not asserted under Habeas Rule 6, but are tied to *In re OEPL* by this Court's order; he has yet even to present his claim to the Sixth Circuit, and this Court has no authority to rule on the cognizability of that claim; and the discovery will not burden Respondent because she will have to produce it in *In re OEPL* in any event. (ECF No. 195 at 2-4.)

The Court now finds Respondent's arguments persuasive. As the Court already has observed,

> Jones' request is overly broad in both time and scope. This Court tied discovery in this case to the *In re OEPL* discovery in its scheduling order at the parties' request and only because the cases are factually related and the *In re OEPL* discovery already was clearly defined and easily could be reproduced. Jones' Eighth Amendment habeas claim, however, is legally distinct from the § 1983 civil rights claims asserted in *In re OEPL,* and the

12

two cases need not, and should not, be linked to one another indefinitely. (ECF No. 201 at 23-24.) This conclusion is further supported by *Glossip* and its "deepening of the distinction between habeas and 1983" method-of-execution claims. *Landrum*, 2015 WL 5145533, at *6.

The discovery Jones seeks does in fact impose a significant burden and expense on the State, while further, and possibly indefinitely, prolonging a case that has been in this Court for nearly seven years on a "limited" remand. Indeed, Judge Frost recently opined in another case that continually granting habeas petitioners more time to conduct discovery and amend their claims regarding Ohio's ever-changing lethal-injection protocols and past executions will "deprive the Sixth Circuit of the opportunity to provide clearer guidance as to how district courts should treat method-of-execution claims raised in habeas corpus." *Sheppard v. Robinson*, 2015 WL 1565714, at *1 (S.D. Ohio Apr. 8, 2015) (Frost, J.). He explained:

> Against a constantly changing landscape, this Court previously granted extensions of time out of an abundance of caution. The Court is now of the view that it must temper the exercise of that caution with a recognition that the constantly changing landscape of carrying out executions in Ohio does not justify indefinitely postponing adjudication fo method-of-execution habeas corpus claims.

*Id*. at *3. For this reason, too, then, there is not "good cause" to allow Jones additional discovery on his lethal-injection claim. The Court therefore grants Respondent's motion to transfer Jones' lethal-injection claim back to the Sixth Circuit and denies Jones' motion to extend the discovery deadline.

### III.    Conclusion

For the foregoing reasons, the Court hereby: (1) grants Respondent's motion to

13

transfer this case back to the Sixth Circuit Court of Appeals for final resolution of Petitioner Odraye Jones' petition for writ of habeas corpus (ECF No. 190); (2) denies Jones' motion, through counsel, to extend the discovery deadline on his lethal-injection claim (ECF No. 191); (3) dismisses Jones' pro se motion to waive his lethal-injection claim (ECF No. 193); (4) denies Respondent's motion to dismiss Jones' lethal-injection claim (ECF No. 217); and (5) denies Jones' motion, through counsel, to strike Respondent's motion to dismiss (ECF No. 219).

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE