UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ODRAYE G. JONES (n/k/a Malik Allah-U-Akbar), | ) Case No.: 1:03 CV 1192 |
| Petitioner | ) JUDGE SOLOMON OLIVER, JR. |
| vs. | ) |
| MARGARET BRADSHAW, Warden, | ) **MEMORANDUM OF OPINION** |
| Respondent | ) **AND ORDER** |

Before the Court in this capital habeas corpus case is an "Application for a Certificate of Appealability" filed by Petitioner Odraye Jones.[1] (ECF No. 236.) In his application, Jones requests a certificate of appealability ("COA") for eight issues addressed in this Court's opinions (ECF Nos. 223, 233), denying Jones's "Amendment and Supplement to the Habeas Corpus Petition Under Federal Rule of Civil Procedure 15" (ECF No. 207), Motion for Discovery (ECF No. 213), and "Motion for the Appointment of Counsel to Argue Petitioner's Requests for New Counsel and/or Proceed Pro Se" (ECF No. 230). Respondent Margaret Bradshaw ("Respondent") opposes the application. (ECF No. 237.) For the following reasons, the Court grants Jones's application.

---

[1] This case was transferred to the undersigned upon the death of United States District Court Judge David A. Katz. In addition, Jones has legally changed his name to Malik Allah-U-Akbar. (*See* ECF No. 198.) The Court will continue to refer to him as Jones in this Memorandum of Opinion and Order, however, for the sake of clarity and continuity.

**RELEVANT PROCEDURAL HISTORY**

In 1998, an Ohio jury sentenced Jones to death for the aggravated murder of Police Officer William Glover. Jones was unsuccessful in his state direct and post-conviction appeals, in which he asserted numerous claims that his trial counsel were ineffective. (*See* ECF No. 117 at 4-5.)

Jones first sought habeas corpus relief in this Court in 2003. (ECF No. 17.) In his petition, he raised thirty-four claims, including seven claims and several additional sub-claims challenging the effectiveness of his trial counsel. (*Id*. at 12-15.) This Court denied Jones's petition in 2007, certifying several issues for appeal to the Sixth Circuit Court of Appeals.[2] (ECF No. 117.)

Jones appealed, and filed a request with the Sixth Circuit to expand the certificate of appealability to include his method-of-execution claim relating to lethal injection, which the court granted in July 2008. (Case No. 07-3766, Doc. No. 60-1 at 4.) In January 2009, the Sixth Circuit granted Jones's request that the case be remanded to this Court "for limited discovery and factual development of the lethal injection issue." (ECF No. 128.) The parties completed that discovery, and this Court transferred Jones's lethal-injection claim back to the Sixth Circuit in October 2015. (ECF No. 222.)

**A.     Jones's Motion to Amend and Motion for Discovery**

Meanwhile, in November 2014, Jones, through new counsel, filed a motion with the Sixth Circuit to expand this Court's limited remand. Counsel explained that, based on their review of the record and further investigation, they had concluded that "this case warrants further development of claims of ineffective assistance of trial counsel," and requested permission to "file in the district court

---

[2] For a more detailed account of the factual and procedural history of Jones's case, *see* this Court's memorandum of opinion and order of May 21, 2007 (ECF No. 117), and *State v. Jones*, 91 Ohio St. 3d 335, 744 N.E.2d 1163 (Ohio 2001).

a motion under Federal Rule of Civil Procedure 15 to amend and/or supplement the habeas petition" under the authority of the recent Supreme Court cases *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012), and *Trevino v. Thalor*, 133 S. Ct. 1911 (2013). (Case No. 07-3766, Doc. No. 183 at 7-8.)

In *Martinez v. Ryan*, the Supreme Court held that the "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. This holding represents a "limited qualification" to its prior decision in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). *Id*. at 1319. In that case, the Court held that prisoners have no constitutional right to an attorney in state post-conviction proceedings, and, therefore, an attorney's negligence in those proceedings cannot establish cause to excuse a habeas petitioner's procedural default of claims in state court. *Coleman,* 501 U.S. at 756-57. The *Martinez* Court explained that it created this exception to *Coleman* to acknowledge "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Martinez,* 132 S. Ct. at 1318. It was careful to note the holding's limitations, however, emphasizing that "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here." *Id*. at 1320.

In *Trevino v. Thaler*, the Court elaborated on and expanded the *Martinez* exception. It explained that under *Martinez,* federal habeas courts may find cause to excuse a petitioner's procedural default where: (1) the ineffective-assistance-of-trial-counsel claim was "substantial"; (2) the "cause" consists of there being "no counsel" or "ineffective" counsel during the state collateral-review proceeding; (3) the state collateral-review proceeding was the "initial" review of the petitioner's ineffective-assistance-of-trial-counsel claim; and (4) state law *requires* that the

3

ineffective-assistance-of-trial-counsel claim be raised in the initial review post-conviction proceedings. *Trevino*, 133 S. Ct. at 1918 (emphasis original). But the Court modified the fourth requirement so that *Martinez* would apply in Texas, which, by reason of the "design and operations" of its procedural framework, permits but "makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal . . . ." *Trevino*, 133 S. Ct. at 1921.

The Sixth Circuit has not decided whether, or to what extent, *Trevino* applies to Ohio's procedural framework for claims of ineffective assistance of counsel. *See Henness v. Bagley,* 766 F.3d 550, 577 (6th Cir. 2014); *McGuire v. Warden*, *Chillicothe Corr. Inst.*, 738 F.3d 741, 759 (6th Cir. 2013).

Jones argued to the circuit court that "[a]ny objections that opposing counsel might raise to the propriety of supplements or amendments to the habeas petition," and the application of *Martinez* and *Trevino*, "should be resolved in the first instance by the district court." (Case No. 07-3766, Doc. No. 183 at 8.) Respondent opposed that motion. (Case No. 07-3766, Doc. No. 184.)

On January 28, 2015, the Sixth Circuit granted Jones's motion, permitting

> the filing and full consideration of supplemental or amended pleadings related to the ineffective assistance of trial counsel, and for the district court to consider Jones'ss contention that there is cause to excuse the procedural default of those claims under [*Martinez* and *Trevino*].

(ECF No. 199.)

Jones then filed an "Amendment and Supplement to the Habeas Corpus Petition Under Federal Rule of Civil Procedure 15" in this Court on June 19, 2015. (ECF No. 207.) In it, he argued that under *Martinez* and *Trevino,* he could now amend his original habeas petition to add the

4

following three claims that post-conviction counsel either failed to "raise and/or properly exhaust" in state court, rendering them procedurally defaulted:

1. The central prosecution eyewitness initially identified Barksdale and not Mr. Jones as the shooter. The prosecution, thus, presented this false evidence. Also, trial counsel was ineffective for failing to cross-examine her about this discrepancy with her trial testimony, for failing to present an expert on children's suggestibility and forensic interview protocols, and for failing to present a witness to whom Barksdale confessed that he was the shooter. These claims are cognizable now because post-conviction counsel was ineffective for failing to present the claims and/or because Mr. Jones is actually innocent of the murder.

2. Where trial counsel failed to support the motion for change of venue with data demonstrating the impossibility of seating a jury in Ashtabula County composed of a fair cross section of the community, trial counsel was ineffective for failing to protect his client's constitutional rights to a fair and unbiased jury.

3. Petitioner Jones was deprived of his constitutional right to a public trial where his friends were barred from the courtroom without any just cause or a hearing in accord with *Waller v. Georgia*, based apparently on discriminatory profiling by the sheriff deputies guarding the courthouse who believed their job was to keep out gang members.

(*Id*. at 2-4, 37, 75, 79-80.) Jones also sought to amend his petition to "supplement" two of his original habeas claims by adding this fourth claim:

4. At the hearing on the motion for substitution of counsel, Mr. Jones was deprived of his constitutional right to counsel, right to counsel of his own choosing, and right to the effective assistance of counsel.

(*Id*. at 81.)

Respondent opposed Jones's "Amendment and Supplement," arguing in essence that *Martinez* and *Trevino* did not permit Jones to present claims, arguments, and evidence that could have been but were not presented to the Court before the Court issued its final judgment on his petition. (*See* ECF No. 214 at 2.) Jones replied to Respondent's opposition. (ECF No. 221). Jones also filed a motion

5

for discovery related to his proposed new claims, which Respondent opposed. (ECF Nos. 213, 215.)

On October 30, 2015, this Court denied Jones's "Amendment and Supplement" and motion for discovery. (ECF No. 223.) It treated Jones's request – in accordance with the Sixth Circuit's mandate and as Jones himself indicated was appropriate – as a motion for leave to file an amended petition under Federal Civil Rule 15. (ECF No. 223 at 6; *see also* ECF No. 221 at 2 (Jones stating in his motion to amend, "The proper standard for this Court to apply in Mr. Jones's case is the construct established by Rule 15 . . . .").) The Court further found that under the authority of *Clark v. United States*, 764 F.3d 653 (6th Cir. 2014), and *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 618 F.3d 505 (6th Cir. 2010), Jones would have to demonstrate that he is entitled to have the Court's judgment denying Jones's original habeas petition set aside pursuant to Federal Civil Rule 60(b)(6) before the Court could grant Jones's post-judgment motion to amend that petition. (ECF No. 223 at 7-10.) The Court then concluded that Jones was not entitled to relief under Rule 60(b)(6) on the grounds that: (1) the proposed claims did not present "newly discovered evidence," as the evidence Jones cited was available to his previous counsel (*id*. at 13-14); (2) the Sixth Circuit held in *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014), that neither *Martinez* nor *Trevino* "sufficiently change[d] the balance of the factors for consideration under Rule 60(b)(6) to warrant relief" (ECF No. 223 at 14-15); and (3) the *Martinez* and *Trevino* exception did not apply to Jones's proffered claims because, among other things, the claims did not allege ineffective assistance of trial counsel, were not procedurally defaulted, or were not "substantial" (*id*. at 15-27).

The Court also denied Jones's motion for discovery, because that request was based on his proposed amendment, and the Court had determined that it would not reopen Jones's habeas case to

6

allow the presentation of those claims. (*Id*. at 27.)

Jones now requests a COA for the following issues related to that decision:

(1) whether the district court failed to comply with the mandate of the court of appeals "to allow the filing and full consideration of supplemental or amended pleadings related to the ineffective assistance of trial counsel";

(2) whether a Rule 15 amendment to a habeas petition, filed after notice of appeal but prior to appellate review and with permission from the court of appeals, should be treated in all respects as having been filed under Rule 60(b);

(3) whether under any standard, jurists of reason could differ on whether this Court correctly denied the claims concerning prior counsel's ineffectiveness in dealing with Teresa Taylor's trial identification of Petitioner as the shooter when her initial statement identified Barksdale as the shooter;

(4) trial counsel was ineffective in failing to offer compelling and available evidence demonstrating that a change of venue was necessary to protect Petitioner's constitutional right to a jury composed of a fair cross section of his community;

(5) whether *Martinez* applies to claims ineffectively overlooked by state post-conviction counsel other than trial ineffectiveness, and whether the claim presented in the amendment that Petitioner's right to a public trial was violated is cognizable despite the state[-]court default;

(6) the interests of justice would best be served by considering additional evidence in reviewing the counsel of choice claim;

(7) whether jurists of reason would find debatable that the petitioner made a sufficient showing to warrant discovery.

(ECF No. 236 at 2-3.) Respondent opposes the application. (ECF No. 237.) Respondent also has requested a status conference. (ECF No. 239.)

**B.     Jones's Motion for Separate Counsel to Review Jones's Requests for New Counsel or to Proceed Pro Se**

This Court has recounted in detail the history of Jones's repeated requests for new counsel and/or to proceed pro se since this case's inception in 2003. (*See* ECF No. 188 at 1-4, ECF No. 201

at 6-14.) Together, this Court and the Sixth Circuit have granted Jones's requests for new counsel three times: in October 2004, November 2008, and October 2012. (*See id*.) More recently, however, in May 2014 and March 2015, the Court, with the Sixth Circuit's permission, denied Jones's pro se motions to remove counsel and/or proceed without counsel. It concluded that, as Jones already had requested and received new counsel several times in this case, retaining his current counsel would best serve the interests of justice by ensuring continuity, efficiency, and the integrity of the case. It further concluded that it was infeasible and inappropriate for Jones to represent himself in this highly complex and important litigation. (ECF No. 188 at 5-6; ECF No. 201 at 14-17.)

On January 22, 2016, Jones's counsel filed a "Motion for the Appointment of Counsel to Argue Petitioner's Requests for New Counsel and/or to Proceed Pro Se." (ECF No. 230.) They explained that Jones continued to complain vigorously about his counsel, filing several pleadings seeking the removal of counsel with the Sixth Circuit in his pending appeal. (*Id*. at 4-6 (citing Case No. 07-3766, Doc. No. 198 (filed May 1, 2015), Doc. No. 210 (filed Dec. 4, 2015), Doc. No. 217 (received and returned Jan. 28, 2016)).) Jones claimed various "conflicts of interest" existed between him and counsel, alleging counsel swore at him, disagreed with his legal and factual analysis and strategy, were racist, and were trying to protect the reputations of prior counsel and judges rather than Jones's interests. (*Id*. at 5-6.) Jones's counsel requested that this Court appoint new counsel for Jones to consider seeking a COA on the Court's decisions concerning Jones's representation, and then continuing to represent him if a COA were granted. (*Id*. at 4-5.) They explained that they could not be expected to litigate their own ineffectiveness and conceivably could be fact witnesses. (*Id*. at 6.)

This Court denied the motion as moot, because the Sixth Circuit had just denied a pro se

8

motion Jones filed to remove his counsel and proceed pro se, rendering a COA on that issue unnecessary. (ECF No. 233 (citing Case No. 07-3766, Doc. No. 216-2).) Jones now seeks a COA on whether Jones is entitled to separate counsel to represent him further in his requests for the appointment of new counsel or to proceed pro se. (ECF No. 236 at 38.)

## ANALYSIS

Section 2253 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs federal capital habeas corpus cases, provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . ." 28 U.S.C. § 2253(c)(1)(A). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). District courts have the authority to issue COAs pursuant to this section. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

If a habeas claim is not procedurally defaulted, the habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A more complicated analysis is required, however, when assessing whether to grant a COA for a claim the district court has determined is procedurally defaulted. In those instances, a COA should issue only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

"[I]ssuance of a COA must not be *pro forma* or a matter of course." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). The petitioner must prove something more than a good faith belief in his

9

claims or the mere absence of frivolity. *Id*. at 338. On the other hand, a court should not deny a COA "merely because it believes the applicant will not demonstrate an entitlement to relief ." *Id*. at 337.

Applying these standards, the Court concludes that in light of the long and complex procedural history of this death penalty case and the difficult and evolving legal and factual issues presented by the Sixth Circuit's mandate,[3] it will certify for appeal the seven issues Jones identifies relating to his "Amendment and Supplement to the Petition" and related motion for discovery. Reasonable jurists could find this Court's decisions on those issues "debatable," including its consideration of Jones's proposed claims in light of *Martinez* and *Trevino,* its application of Federal Civil Rules 15, 59, and 60 in reviewing Jones's "Amendment and Supplement" and its denial of discovery related to his proposed claims.

In addition, reasonable jurists could find "debatable" the Court's decision denying Jones separate counsel to represent him on his requests for new counsel or to proceed pro se. Separate counsel may be necessary to ensure that the Court has before it all relevant facts and legal arguments relating to Jones's request for new counsel. And there is no controlling authority from the Supreme Court or Sixth Circuit regarding a petitioner's right to self-representation in federal capital habeas corpus proceedings.

---

[3] For example, as Respondent argues, after this Court issued its opinion denying Jones's "Amendment and Supplement," the Sixth Circuit clarified the law regarding whether post-judgment motions to amend habeas petitions, such as Jones's, are "second or successive" petitions barred by 28 U.S.C. §§ 2255(h) and 2244(b). In *Moreland v. Robinson,* 813 F.3d 315, 325 (6th Cir. 2016), the circuit court held that "a Rule 60(b) motion or motion to amend that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired."

## CONCLUSION

Accordingly, the Court grants Petitioner Odraye Jones's Application for a Certificate of Appealability (ECF No. 236). It denies as moot Respondent's motion for a status conference (ECF No. 239).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 17, 2017