UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ODRAYE G. JONES (n/k/a Malik Allah-U-Akbar), | : CASE NO. 1:03 CV 1192 |
| Petitioner, | : |
| vs. | : JUDGE SOLOMON OLIVER, JR. |
| MARGARET BRADSHAW, Warden, | : **MEMORANDUM OF OPINION** |
| | : **AND ORDER** |
| Respondent. | |

Before the court in this capital habeas corpus case is Petitioner Odraye Jones' "Motion to Extend Date for Issuance of Writ of Habeas Corpus." (Doc. 269.)[1] Specifically, Jones asks this court to the extend the time period in which the Sixth Circuit Court of Appeals has ruled that the State of Ohio must resentence Jones for his 1998 conviction of aggravated murder or this court will issue a writ of habeas corpus vacating Jones' death sentence, as the circuit court found Jones received constitutionally ineffective assistance of counsel at the original penalty phase of his trial. *Jones v. Bradshaw*, 46 F.4th 459, 489 (6th Cir. 2022). Respondent does not oppose Jones' motion. (Doc. 270.) Because this court lacks the authority to grant Jones' motion, it is denied.

### RELEVANT PROCEDURAL HISTORY

Jones was sentenced to death in an Ohio court in June 1998 for the aggravated murder of

---

[1] This case was transferred to the undersigned upon the death of United States District Court Judge David A. Katz. In addition, Jones has legally changed his name to Malik Allah-U-Akbar. (*See* Doc. 198.) The court will continue to refer to him as Jones in this Memorandum of Opinion and Order, however, for the sake of clarity and continuity.

Police Officer William Glover. *See State v. Jones*, 91 Ohio St. 3d 335, 335-37 (Ohio 2001) (providing a detailed account of Jones' crimes and trial). His conviction and sentence were affirmed on direct appeal, and he was unsuccessful in state post-conviction proceedings. *See id.* (direct appeal); *State v. Jones*, No. 2000-A-0083, 2002 WL 737074 (Ohio Ct. App. Apr. 26, 2002) (post-conviction relief).

Jones first sought habeas corpus relief in this Court in October 2003, raising thirty-four grounds for relief. (Doc. 17.) After a long and complex course of litigation, this court resolved Jones' habeas proceedings in October 2015, denying Jones' petition. (*See* Doc. 233.)

Jones appealed to the Sixth Circuit. On August 22, 2022, the circuit court reversed this court's denial of Jones' claim that his trial counsel performed ineffectively at the sentencing phase of his trial. *Jones*, 46 F.4th at 483-89. The court further ordered in its judgment that the case was "REMANDED to the district court with instructions to issue a writ of habeas corpus vacating Odraye G. Jones's death sentence unless the State of Ohio conducts a new penalty-phase proceeding within 180 days of the remand." (Doc. 266-1.)

Respondent petitioned for rehearing en banc, which the court denied on October 7, 2022. *Jones v. Bradshaw*, 2022 WL 10219982 (6th Cir. 2022). The court's mandate issued on November 17, 2022. (Doc. 268.)

Jones' case is now on remand for a new sentencing trial in the Ashtabula County Court of Common Pleas (Case No. 1997 CR 221). To comply with the circuit court's mandated 180-day deadline, the trial court has scheduled the penalty-phase trial for April 3, 2023. (Doc. 269 at 2 (citing Judgment Entry of Feb. 17, 2023).) The court also declined to entertain any continuance of the resentencing proceeding unless it received "an Order from the appropriate Federal Court

2

granting this Court an extension of the 180-day conditional writ." (*Id.* (quoting Judgment Entry of Feb. 17, 2023).)

Jones' counsel now requests that this court extend the circuit court's mandated 180-day deadline for completion of the penalty-phase proceedings by 270 days, or until February 10, 2024, so that they will have adequate time to prepare. They note the case's breadth and complexity, as well as litigation that has arisen in the case concerning Jones' competency and his request to proceed pro se. (Doc. 269 at 2, 4.) Respondent does not oppose the motion. (Doc. 270.)

## ANALYSIS

"Conditional grants of writs of habeas corpus are final orders, . . . and they ordinarily and ideally operate automatically, that is, without the need for the district court to act further." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) (citation and internal quotation marks omitted). Federal district courts do "retain jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case." *Id.* But the Sixth Circuit has advised that when it issues a conditional writ, the district court must adhere to the mandate rule and "proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Mason v. Mitchell*, 729 F.3d 545, 550 (6th Cir. 2013) (citations and internal quotation marks omitted).

According to the Sixth Circuit's mandate in this case, the State of Ohio must "conduct" Jones' new sentencing trial "within 180 days of the remand," or by May 16, 2023. (Doc. 266-1.) Jones' request that this court extend the mandated 180-day deadline to provide his counsel with additional time to prepare for the new sentencing trial does not concern compliance with the

3

conditional writ, but instead, asks this court to modify a central term of the court's mandate. Some circuits have recognized that, at least to some degree, "'the equitable power of the district court in deciding a habeas petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency.'" *Harvest v. Castro,* 531 F.3d 737, 744 (9th Cir. 2008) (quoting *Gilmore v. Bertrand*, 301 F.3d 581, 582-83 (7th Cir. 2002) (per curiam)) (listing cases).  And the facts here – where the petitioner is requesting more time for apparently valid reasons and with no objection from the State – suggest that such equitable relief might be in order.  Nevertheless, the Sixth Circuit has indicated that a district court lacks the authority to extend the time period in which a conditional writ must be satisfied when the circuit court established that deadline in its mandate.  *See Mason,* 729 F.3d at 551 n.3 (noting that the district court did not have the power to stay the proceedings on remand under a conditional habeas writ "in light of our mandate establishing the 180-day clock").  This court, therefore, must deny Jones' motion.

CONCLUSION

Accordingly, the court denies Jones' "Motion to Extend Date for Issuance of Writ of Habeas Corpus." (Doc. 269.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 24, 2023

4