UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ODRAYE G. JONES (n/k/a Malik Allah-U-Akbar), | : |
| | : CASE  NO. 1:03 CV 1192 |
| Petitioner, | : |
| | : JUDGE SOLOMON OLIVER, JR. |
| vs. | : |
| | : |
| MARGARET BRADSHAW, Warden, | : **MEMORANDUM OF OPINION** |
| | : **AND ORDER** |
| Respondent. | |

Before the court in this capital habeas corpus case is Petitioner Odraye Jones' motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (Doc. 289.)[1] Specifically, he argues that the court should reopen its judgment granting his request for an unconditional writ and denying his request that it bar the State from resentencing him (Doc. 287), reorder Jones' unconditional release from custody, and bar the State of Ohio from conducting further resentencing proceedings in state court.  (*See* Doc. 289 at 11.)[2]  Respondent Warden

---

[1] This case was transferred to the undersigned upon the death of United States District Court Judge David A. Katz.  In addition, Jones has legally changed his name to Malik Allah-U-Akbar.  (*See* Doc. 198.)  The court will continue to refer to him as Jones in this Memorandum of Opinion and Order, however, for the sake of clarity and continuity.

[2] For ease of reference, all citations to page numbers of documents filed in the court's electronic court filing system ("ECF") are to the ECF-assigned page numbers of the individual documents, not to the documents' original page numbers or the ECF "PageID" numbers.

Margaret Bradshaw opposes the motion. (Doc. 292.) And Jones has replied to Respondent's opposition brief. (Doc. 294.) For the reasons stated below, the court denies Jones' motion.

### RELEVANT PROCEDURAL HISTORY

On August 22, 2022, the Sixth Circuit Court of Appeals granted Jones a conditional writ of habeas corpus ordering that his case be "remand[ed] to the district court with instructions to issue a writ of habeas corpus vacating Jones's death sentence unless the State of Ohio conducts a new penalty-phase proceeding within 180 days of remand." *Jones v. Bradshaw*, 46 F.4th 459, 487-89 (6th Cir. 2022). However, the State failed to conduct a new sentencing hearing in the Ashtabula County Court of Common Pleas within the mandated 180-day period, which ultimately expired on November 22, 2023. (*See* Doc. 287 at 9.)

On November 30, 2023, Jones filed a motion in this court asking it to issue an unconditional writ of habeas corpus due to the State's noncompliance with the conditional writ and bar state resentencing proceedings. (Doc. 278.) After conducting a hearing on the matter, this court filed a memorandum of opinion and order on February 29, 2024, granting Jones' motion to issue an unconditional writ of habeas corpus and ordering Jones' release from state prison within five business days of the date of the Order, but denying his request to bar retrial and allowing Jones' subsequent arrest and resentencing. (Doc. 287.)

On March 1, 2024, the county prosecutor filed in the state trial court a request for an arrest warrant on the original 1998 Indictment in Jones' case. (Doc. 290 (Pet. Supp. App. III) at 157 (March 1, 2024, Warrant).) On March 5, 2024, the Warden released Jones into the custody of the Ashtabula County Sheriff. (Doc. 288 (Notice of Pet.'s Release).) Jones was rearrested under the warrant and placed in the Ashtabula County Jail. (Doc. 289 at 4.) But no action was taken at that

time by the Warden, the prosecution, Jones' counsel, or the trial court to effectuate this court's Order to vacate Jones' 1998 sentencing judgment within five business days. (*See* Ashtabula County Court of Common Pleas Docket, Case No. 1997 CV 221.)

Meanwhile, on March 4, 2024 – two business days after this court's decision ordering the unconditional writ was issued – Jones filed a notice of appeal in the state trial court relating to two pretrial decisions. (*See* Doc. 288-2 (Judgment Entry 3/12/2024, Case No. 1997 CV 221).) On March 12, 2024, the state trial court issued a judgment entry stating that Jones' notice of appeal had divested the court of jurisdiction "except to take action in aid of the appeal, until the case is remanded to it by the appellate court," and the court therefore stayed all proceedings, including the resentencing hearing it had set for May 20, 2024. (*Id*.) The court noted that the notice of appeal was "the third filing by a litigant that has divested this Court of jurisdiction and delayed this Court in commencing the New Penalty Phase in a timely manner." (*Id*.)

On March 22, 2024, the county prosecutor filed in the state trial court a motion to vacate Jones' death sentence pursuant to this court's Order. (Doc. 290 (Pet. Supp. App. III) at 737-41.) In it, she states that, "[t]he State of Ohio now seeks to vacate . . . [Jones'] death sentence . . . ." (*Id*. at 739.) She conceded that the trial court generally lacks jurisdiction over the case pending Jones' appeal, but argued that the trial court still has the authority to enter an order vacating the sentence under Ohio law, which recognizes that, "'the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appeals judgment, such as collateral issues like contempt, appointment of a receiver and injunction.'" (*Id*. (quoting *State ex rel. Special Prosecutors v. Judges, Ct. Com. Pl.*, 55 Ohio St. 2d 94, 97 (Ohio 1978)).) "As we are already operating under the assumption that the death

3

sentence has been vacated," she added, the trial court's vacatur of Jones' sentence while the case is on appeal "would not be inconsistent with the Court's duties in this case and would not undermine the Defendant's filing of a notice of appeal." (*Id.* at 740.) She therefore asked the court "to comply with the District Court's ruling and vacate the death sentence, so that going forward the record is in compliance therewith," as the State has released Jones from Respondent's custody, rearrested him on the Indictment, and he is now in the county sheriff's custody. (*Id.*)

On May 29, 2024, the state trial court granted the State's motion to vacate Jones' original sentence and formally vacated the sentence through an entry in its docket. (*See* Doc. 296-1 (Judgment Entry of May 29, 2024, in Ashtabula County Court of Common Pleas, Case No. 1997 CR 221).)

Jones has now filed a motion under Federal Civil Rule 60(b), asking the court to reopen its February 29, 2024 judgment, granting his request for an unconditional writ and denying his request that it bar the State from resentencing him, reorder his unconditional release from custody, and bar the State of Ohio from conducting further resentencing proceedings in state court. (*See* Doc. 289 at 11.) Respondent opposes the motion. (Doc. 292.)

**ANALYSIS**

Federal Civil Rule 60(b) enumerates specific circumstances in which a party may seek relief from a final judgment and request reopening of the case, such as fraud, mistake, and newly discovered evidence. *See* Fed. R. Civ. P. 60(b). Jones bases his motion on Rule 60(b)(5), which applies when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," and on Rule 60(b)(6), a catchall provision that permits a court to lift a judgment for "any other

reason that justifies relief." (Doc. 289 at 8.) Rule 60(b)(6) is available only in "extraordinary circumstances," and those conditions "rarely occur" in habeas cases. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Jones argues that the State's noncompliance with the unconditional writ constitutes a "'significant change' in the factual and legal landscape of this action and has 'altered the equitable basis' for this Court's February 29, 2024, judgment declining to bar retrial" under Rule 60(b)(5). (Doc. 289 at 8 (quoting Fed. R. Civ. P. 60(b)(5)).) He further claims his case presents "extraordinary circumstances" under Rule 60(b)(6) because the State has been "perpetually noncompliant with *both* the conditional and unconditional writs." (*Id.* (emphasis in original).) Jones cites as support Respondent's "inexcusable neglect" in failing to comply with the unconditional writ by: (1) ensuring that a copy of this court's Order granting the unconditional writ was immediately filed with the state trial court; (2) ensuring that the State file a motion requesting that the trial court immediately vacate the unconstitutional death sentence before moving for an arrest warrant; (3) timely notifying this court by the compliance deadline that the state trial court still had not vacated the death sentence; and (4) seeking an extension of time to comply with the writ, an order for sanctions, or other appropriate relief in this court. (Doc. 294 at 3.)

Respondent counters that the only one responsible for the delay in obtaining the vacatur is Jones himself through his notice of appeal in the state trial court. (Doc. 292 at 3.) In particular, she notes that the Warden has no authority to vacate a criminal sentence, and adds that her release of Jones to the custody of county authorities "is an implicit recognition that the sentencing

5

judgment is no longer a valid basis for imprisoning [Jones] in a state correctional institution." (*Id*.)

Respondent's argument that Jones' sentence has been "vacated" even without a formal court order stating as much is persuasive. The Sixth Circuit addressed the issue of when a judgment is considered "vacated" for purposes of determining whether the district court had jurisdiction after issuing an unconditional writ of habeas corpus in *Eddleman v. McKee*, 586 F.3d 409 (6th Cir. 2009), and *D'Ambrosio v. Bagley*, 656 F.3d 379 (6th Cir. 2011).[3] In doing so, the circuit court did not require a formal judgment entry vacating the unconstitutional state-court judgments at issue, but instead looked at the totality of circumstances to make its determination.

In *Eddleman*, the district court initially granted a conditional writ, which the circuit court upheld, requiring the state to release the petitioner unless a date for a new trial was scheduled within forty-five days. *Eddleman*, 586 F.3d at 411. Instead of retrying the petitioner, however, the state decided to vacate his convictions, release him, and then rearrest him pursuant to the original information. *Id*. The petitioner moved for the district court to grant an unconditional writ barring retrial because the state had failed to comply with the conditional writ. *Id*. The district

---

[3] Jurisdiction is not at issue in this case, however. In federal habeas cases, once an unconstitutional state-court judgment is vacated, the district court loses jurisdiction over the matter. *Eddleman*, 586 F.3d at 412-13 (citing 28 U.S.C. § 2254(a) (federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States")). But a district court has continuing jurisdiction over the grant of an unconditional writ of habeas corpus pursuant to a Rule 60(b) motion "as long as it had jurisdiction to grant the unconditional writ in the first place," which this court did here. *D'Ambrosio*, 656 F.3d at 388; *see also Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006*)* (federal district courts generally "retain jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case"). Regardless of whether Jones' sentence was "vacated" or not, therefore, this court has jurisdiction to rule on Jones' Rule 60(B) motion.

6

court initially denied this motion, but after the date for the petitioner's trial was delayed for almost a year, the petitioner renewed his motion and the district court agreed to grant an unconditional writ barring his reprosecution. *Id*. at 411–12. On appeal, the state challenged the district court's jurisdiction to issue the unconditional writ, claiming that the unconstitutional conviction had been vacated and that the petitioner was being held pursuant to the information and not the conviction. *Id*. at 412.

The Sixth Circuit agreed. It stressed that the petitioner's later rearraignment and bond hearing in state court "confirm[ed] that his prior conviction had been set aside." *Id.* Also, it observed, "counsel for both [the petitioner] and the State represented to the court, and the court itself agreed, that [the petitioner's] unconstitutional conviction had been vacated." *Id*. Even though the record in the trial court was devoid of any written order to that effect, and "the better practice certainly would have been for the state court to have entered a written order," the court concluded that "[t]he record ma[de] clear, nonetheless, that [the petitioner's] conviction was vacated." *Id*.

In *D'Ambrosio*, the district court also initially granted a conditional writ, requiring the state to either set aside the petitioner's convictions and sentences or conduct another trial within a certain time period. *D'Ambrosio*, 656 F.3d at 381. The state chose the retrial option, but did not comply within the mandate time period, so the district court issued an unconditional writ, initially permitting reprosecution, but later barring retrial upon the petitioner's Rule 60(b) motion. *Id*. at 382-83. The respondent appealed, arguing that the district court lacked jurisdiction to issue the unconditional writ in part because the petitioner's convictions were vacated, divesting the district court of jurisdiction. *Id*. at 385; *see Girts v. Yanai*, 600 F.3d 576, 582 (6th Cir. 2010) ("a district

court sitting in habeas has jurisdiction to consider the circumstances that exist up until either the state complies with a conditional writ or the court issues an unconditional writ, but does not have jurisdiction to consider circumstances that unfold after the state complies with the writ").

The Sixth Circuit disagreed with this argument, distinguishing the case from *Eddleman*. It found the totality of the circumstances demonstrated that the petitioner's convictions were never "vacated" as the *Eddleman* petitioners were, because the state clearly signified during post-writ proceedings in state court that it had chosen the writ's retrial option and therefore remained subject to the district court's jurisdiction, rather than the vacatur option, in which case the district court would have been divested of jurisdiction. *Id*. at 387-88.[4] Thus, the court concluded that, unlike in *Eddleman*, the respondent had offered no proof "that [the petitioner's] record was expunged or that the district court or state took any action to actually vacate [his] convictions." *Id*. at 388. It emphasized that "[s]tatements of confused parties and judges do not vacate convictions. What vacates a conviction is an entry in the court docket, which—depending on the

---

[4] The circuit court explained:

> For example, in her initial brief to this court, the warden acknowledged that the state had chosen the retrial option, stating that "[w]hen retrial proceedings commenced in State court, ... the State was proceeding with the retrial option afforded under the conditional writ issued by the District Court." In addition, if the state had considered D'Ambrosio's conviction to have been vacated, then the prosecution would have had no need to move the district court for an enlargement of time to retry D'Ambrosio, as it did on March 4, 2009. Moreover, the prosecution filed a request for retrial with the state court on September 30, 2008, notifying the court that the prosecution had to either set aside D'Ambrosio's conviction and sentence or conduct another trial within 180 days, and signifying that it was choosing the latter course of action.

*D'Ambrosio*, 656 F.3d at 387-88 (footnote omitted).

state's procedures—is likely made through a court order, or clear actions by the court signifying a vacatur." *Id*.

Here, it is true that the parties failed to ensure that the trial court entered the proper order vacating Jones' sentence within the prescribed time period of this court's Order. And, it is unclear why the State "assumed" that the trial court would vacate the sentencing judgment *sua sponte*. Nevertheless, similar to *Eddleman*, the circumstances show that the State took "clear actions . . . signifying a vacatur." *D'Ambrosio*, 656 F.3d at 388. The Warden released Jones into the custody of the Ashtabula County Sheriff within the time period set forth in the unconditional writ; he was rearrested under a warrant on the original 1998 Indictment; and, he was incarcerated in the Ashtabula County Jail, where he remains. Jones argues that unlike the petitioner in *Eddleman*, he was not rearraigned and afforded a bond hearing. (Doc. 289 at 5.) But, the writ at issue here relates only to Jones' sentencing, not to his conviction as in *Eddleman*, so no rearraignment or new bond was required. *D'Ambrosio,* on the other hand*,* presents an entirely different set of facts than this case and does not apply here; this court's unconditional writ offered no choice between retrial and vacatur like the conditional writ did in *D'Ambrosio*.

Moreover, even if Jones' sentence was not vacated within the prescribed time period, the noncompliance with the deadline for vacatur does not constitute a "significant change" in the case that has "altered the equitable basis" of this court's judgment under Rule 60(b)(5), or rise to the level of an "extraordinary circumstance" warranting relief under Rule 60(b)(6). The trial court has now granted the State's motion to vacate Jones' original sentence and formally vacated the sentence through an entry in its docket, and the resentencing proceedings are advancing. Additionally, it appears to be attorney error and the timing of Jones' appeal that led to the lack of

a court order vacating the sentence rather than any bad faith or "inexcusable neglect" on the State's part such that this court would reopen the case under Rule 60(b) and bar a new sentencing hearing.

Accordingly, Jones' motion for relief from judgment pursuant to Federal Civil Rule 60(b) (Doc. 289) is denied.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 24, 2024